IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUNTER DOUGLAS METALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| IMASA INDUSTRIA MEXICANA DEL ) | JUDGE GUZMAN |
| ALUMINIO, S.A. DE C.V. ) | MAGISTRATE JUDGE MASON |
| ) | |
| Defendant. ) | |

**DEFENDANT INDUSTRIA MEXICANA DEL
ALUMINIO, S.A. DE C.V.'s MOTION TO DISMISS**

Defendant Industria Mexicana Del Alumino, S.A. de C.V. ("IMASA"), incorrectly sued as IMASA Industria Mexicana Del Alumino, S.A. de C.V., moves under the authority of Rule 12b(2)-(6) and the doctrine of *forum non conveniens* to dismiss this cause, showing in support as follows:

A. **Lack of Personal Jurisdiction**

IMASA is organized under the laws of Mexico as a *sociedad anómina de capital variable*. Its principal place of business is Cuautitlan Izcalli, Estado de Mexico, M E X I C O. Antonio Declaration, Ex. 1 hereto.

While Plaintiff's complaint states that personal jurisdiction over IMASA derives from the terms of a sales contract (an unsigned purported copy of which is attached as Exhibit 1 to the complaint), the alleged contract is not executed by any authorized representative of IMASA and therefore is not binding upon IMASA. There is no other pleaded basis upon which this Court can assert personal jurisdiction over IMASA.

Moreover, the alleged contract that is the sole basis for Plaintiff's claim does not indicate that any, much less a substantial part, of its performance was to or did occur in Illinois. As such, it follows that specific personal jurisdiction does not exist over IMASA for the reason that no act or event in Illinois – even if one were alleged – gives rise to the alleged cause of action. General personal jurisdiction also is lacking for the reason that IMASA does not maintain continuous and systematic contacts in the State of Illinois that would require it to answer in this Court under applicable principles of due process.

For the above reasons, this cause should be dismissed for lack of personal jurisdiction under F.R.C.P. 12(b)(2).

### B. Improper Venue in this District

In the alternative to the jurisdictional objection set forth above, the Northern District of Illinois is not a proper venue for the determination of the alleged dispute. Performance of the alleged Contract – even if it is assumed that there is a contract – was to occur if at all in the State of Texas, not the State of Illinois. As such, 28 U.S.C. § 1391 does not provide authority for the maintenance of this lawsuit in the Northern District of Illinois, and under F.R.C.P. 12(b)(3) this cause should be dismissed for improper venue or, in the alternative, transferred to a district of proper venue.

### C. *Forum Non Conveniens*

This lawsuit has little, if any, connection to this forum. Plaintiff allegedly sought to deliver scrap aluminum in Laredo, Texas—no performance was to occur in Illinois. The only connection to Illinois is Plaintiff. Either Texas or Mexico is a proper alternative forum for Plaintiff's claims, and the public and private factors overwhelmingly favor dismissal of this case in their favor.

Because all of the events relating to Plaintiff's claim occurred or were to occur in either Texas or Mexico, the sources of proof relating to Plaintiff's claim are logically located in Mexico—at least to the extent they are in IMASA's possession. Moreover, all of the sources of proof available in the United States, if any, would be in the possession and control of the Plaintiff and will be available whether this lawsuit proceeds here or in an alternative forum. And given Plaintiff's solicitation of IMASA's business in Mexico (Antonio Decl., Ex. 1), it seems that a trial in Mexico or Texas is far more equitable than one in a locale having little to do with the realities of the parties' business dealings or dispute.

Neither is there any Illinois local interest in hosting a trial over the sale of goods to a Mexican corporation and delivered in Texas. Avoidance of conflicts of law issues and burdening Illinois citizens with a non-local dispute would also militate in favor of a resolution of this dispute in either Mexico of Texas.

For these reasons and those set forth in IMASA's brief, dismissal on *forum non conveniens* grounds is appropriate.

### D. Insufficient Service of Process

IMASA further contends that dismissal is appropriate under Rule 12(b)(4) and (5) because Hunter Douglas has not perfected service in this case. A court cannot exercise jurisdiction over a case until the defendant has been properly served. Hunter Douglas's attempts at service of process are ineffective as a matter of law. There is no legal authority that would allow for service of legal process through overnight mail—which is the only method attempted by Hunter Douglas in this case.

In the absence of proper service of process, dismissal is mandated.

3

### E. <u>Failure to State a Claim</u>

In the further alternative to the jurisdictional, convenience and venue objections set forth above, the Plaintiff's complaint fails to state a claim upon which relief can be granted. As already stated, while a purported sales contract is attached as Exhibit 1 to the complaint, it is not signed by either the Plaintiff or IMASA and no other explanation as to its enforceability is alleged. In the absence of any allegedly binding and enforceable contract, there is no basis upon which Plaintiff can recover under its single cause of action—for breach of contract. In addition, the complaint reveals on its face that the Plaintiff's contract claim is barred by the statute of frauds. Plaintiff has failed to state a claim upon which relief can be granted under F.R.C.P. 12(b)(6).

WHEREFORE, Defendant Industria Mexicana Del Alumino, S.A. de C.V. respectfully requests that this motion be considered and, thereupon, that the Court dismiss this cause for lack of personal jurisdiction over the Defendant, or alternatively for improper venue, or alternatively under the doctrine of *forum non conveniens*, or alternatively for insufficient service of process, or alternatively for Plaintiff's failure to state a claim upon which relief can be granted, and that such other and further relief to which this Movant may be entitled be granted.

Respectfully submitted,

s/ Daniel W. Lanfear
Daniel W. Lanfear
(subject to admission pro hac vice)
State Bar No. 00784443
daniel.lanfear@strasburger.com
Strasburger & Price, LLP
300 Convent Street, Suite 900
San Antonio, TX 78205
210-250-6000 (telephone)
210-250-6100 (facsimile)

Joseph R. Marconi
Juanita B. Rodriguez
Johnson & Bell, Ltd.
33 W. Monroe Street, Suite 2700
Chicago, Illinois 60603
312-372-0770 (telephone)

**Attorneys for Defendant, Industria Mexicana del Alumino, S.A. de C.V.**

## CERTIFICATE OF SERVICE

I hereby certify that, on the 6th day of February, 2008, a true and correct copy of the above and foregoing document has been served via first class mail and/or email to the following counsel of record:

>Jefferey T. Gilbert
>Max A. Stein
>Direct: 312-207-6415
>REED SMITH LLP
>10 S. Wacker Drive, Suite 4000
>Chicago, IL 60606-7507
>Facsimile: 312-207-6400
>Email: jgilbert@reedsmith.com
>Email: mstein@reedsmith.com

>>s/ Juanita B. Rodriguez
>>Juanita B. Rodriguez

334595.1/SPSA/16073/0101/020608