IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUNTER DOUGLAS METALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 07-C-6671 |
| IMASA INDUSTRIA MEXICANA DEL ) | |
| ALUMINIO, S.A. DE C.V. ) | |
| ) | |
| Defendant. ) | |

## DECLARATION

Marco Antonio Rubio submits this Declaration pursuant to 28 U.S.C. § 1746 and under penalty of perjury states as follows:

1. I am currently employed as the Operations Director of Industria Mexicana Del Alumino, S.A. de C.V. ("IMASA"), a Mexican corporation, and as such have personal knowledge of the following facts, all of which are true and correct.

2. IMASA is a Mexican corporation with its principal place of business in Cuautitlan Izcalli, Estado de Mexico, M E X I C O. I was first employed by IMASA in December of 1999, and was later promoted to Operations Director in December of 2004. I continue to serve as Operations Director today, and in that capacity I am personally knowledgeable of IMASA's aluminum purchases from various vendors, including Hunter Douglas Metals, Inc ("Hunter Douglas").

3. In late 2006 a Hunter Douglas representative, George Ribet, approached IMASA in Mexico about IMASA's possible purchase of scrap aluminum. No discussions or negotiations between Hunter Douglas and IMASA occurred anywhere but in Mexico. The negotiations did not result in an integrated, signed sales contract between IMASA and Hunter Douglas. Instead, beginning in early 2007, IMASA purchased some scrap aluminum from Hunter Douglas. I was informed by Hunter Douglas that the acquired scrap aluminum would be delivered in Laredo, Texas. There were serious quality issues with the aluminum, and IMASA decided not to purchase additional product.

4. IMASA's purchase of scrap aluminum from Hunter Douglas did not take place in Illinois. Nor have IMASA and Hunter Douglas transacted any business together in Illinois.

5. I have reviewed the attachment, Exhibit 1, to Hunter Douglas's complaint in this lawsuit. IMASA denies the existence of any writing sufficient to indicate that a

**EXHIBIT 1**

contract for sale was made between the parties and signed by IMASA, as alleged in Hunter Douglas's complaint.

6. Further, the reference to buyer's representative identifies an entity named Prutrade. Prutrade is a company that represented the purported seller, Hunter Douglas, not IMASA. Nor did Hunter Douglas ever provide any of the reverse side terms of its form sales contract to IMASA. IMASA never agreed to submit to the jurisdiction of a court sitting in Illinois, or to any provision respecting the service of legal process in a manner different than that required by applicable law.

7. IMASA has one customer in Illinois with which IMASA does some business. IMASA maintains a single bank account in Illinois for the purpose of transacting business with its single Illinois customer. This customer is not Hunter Douglas.

8. Apart from the above-referenced Illinois bank account, IMASA owns no property, real or personal, in Illinois. Nor does IMASA maintain a registered agent for service of process, any employees or agents generally, or any place of business, in Illinois. The only business transacted by IMASA in Illinois is with its single customer, and that business has nothing whatsoever to do with any business dealings between IMASA and Hunter Douglas.

9. All scrap aluminum delivered by Hunter Douglas to IMASA in Laredo, Texas, as referenced above, has been paid for after agreed upon discounts related to quality issues.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 6th day of February, 2008.

MARCO ANTONIO RUBIO GUZMAN