IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUNTER DOUGLAS METALS, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 07-C-6671 |
| IMASA INDUSTRIA MEXICANA DEL ALUMINIO, S.A. DE C.V. | ) |
| Defendant. | ) |

**BRIEF IN SUPPORT OF DEFENDANT INDUSTRIA MEXICANA
DEL ALUMINIO, S.A. DE C.V.'s MOTION TO DISMISS**

Defendant Industria Mexicana Del Alumino, S.A. de C.V. ("IMASA"), incorrectly sued as IMASA Industria Mexicana Del Alumino, S.A. de C.V., submits this brief in support of its motion to dismiss—which is brought under the authority of Rule 12(b)(2)-(6) and the doctrine of *forum non conveniens*.

## I. INTRODUCTION

IMASA is a Mexican corporation with its principal place of business in Cuautitlan Izcalli, Estado de Mexico, M E X I C O. Compl. ¶ 2; Mot. to Dismiss, and Antonio Declaration, Ex. 1 thereto. Plaintiff alleges in this suit that IMASA breached its contract with Plaintiff by failing to pay $800,000 for scrap aluminum that was to be delivered F.O.B. Laredo, Texas. Compl. ¶¶ 21 and 23 and Ex. 1 thereto. It is alleged that IMASA refused to accept the scrap aluminum or otherwise anticipatorily breached the contract by stating its intent to reject the scrap aluminum if ever delivered. *Id.* ¶¶ 18-20. An unsigned and therefore unenforceable sales contract is the only alleged basis for this Court's jurisdiction over the dispute, inasmuch as neither IMASA nor Plaintiff were to or did perform any act in Illinois. *Id.* ¶ 5. Moreover, Plaintiff failed to serve

process of this lawsuit in accordance with legal requirements or convention, instead simply mailing a copy of the complaint and summons in unauthorized fashion to IMASA in Mexico. Docket 11.

The failure to attach a contract that complies with the statute of frauds is indicative of a number of failings besetting Plaintiff's lawsuit—*i.e.*, there is no enforceable contract between the parties and hence (i) no basis for the assertion of personal jurisdiction in Illinois as alleged, (ii) no basis for the service of process in any manner other than as authorized by rule or statute, and (iii) no basis upon which the Plaintiff can recover on a contract claim, particularly given the requirements of the applicable statute of frauds.

For the reasons discussed below, dismissal is appropriate: (i) because the Court lacks personal jurisdiction over IMASA, or (ii) in the alternative, because venue is improper in this district; or (iii) in the further alternative, under the doctrine of *forum non conveniens*, or (iv) in the further alternative, because of lack of sufficient service of process, or (v) in the further alternative, because Plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(2)-(6).

## II. ARGUMENT

### A. Lack of Personal Jurisdiction

Personal jurisdiction is lacking. IMASA is organized under the laws of Mexico as a *sociedad anómina de capital variable*. Its principal place of business is Cuautitlan Izcalli, Estado de Mexico, M E X I C O. Plaintiff is allegedly a Delaware corporation with its principal place of business in the Chicago area. Compl. at ¶ 1.

While Plaintiff's complaint states that personal jurisdiction over IMASA derives from the terms of a sales contract (an unsigned purported copy of which is attached as Exhibit 1 to the

complaint), the alleged contract is not executed by any authorized representative of IMASA and therefore is not binding upon IMASA. Antonio Decl., Ex. 1. There is no other pleaded basis for this Court's assertion of personal jurisdiction over IMASA.

In any event and for purposes of argument, the alleged contract that is the sole basis for Plaintiff's claim does not indicate that any, much less a substantial part, of either party's performance was to occur in Illinois. As such, it follows that specific personal jurisdiction does not exist over IMASA for the reason that no act or event in Illinois—even if one were alleged—gives rise to the alleged breach of contract cause of action. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). General personal jurisdiction also is lacking for the reason that IMASA does not maintain sufficient continuous and systematic contacts in the State of Illinois to make the exercise of jurisdiction fair in the context of this proceeding under the due process clause of the U.S. Constitution. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945).

Although IMASA services a single customer and maintains a bank account in Illinois (Antonio Decl., Ex. 1), these facts are not sufficient to constitute continuous and systematic contacts that would give rise to general jurisdiction over IMASA. Rather, IMASA's business dealings in Illinois are isolated to the single customer that it services in this state, and its Illinois bank account is maintained for the sole purpose of servicing that same customer. *E.g., Spartan Motors, Inc. v. Lube Power, Inc.*, 786 N.E.2d 613, 618-19 (2003) (transient contact with Illinois is not the "permanence and continuity" required for general jurisdiction); *Glass v. Kemper Corp.*, 930 F. Supp. 332, 338 (N.D. Ill. 1996) (individual defendant who maintained checking, money market, IRA, investment advisory accounts and bill payment service with First National Bank of Chicago held not to be subject to general jurisdiction in Illinois); *Recycling Serv., Int'l v. Soil*

3

*Restoration & Recycling, Inc.*, No. 00 L 311, 2001 WL 289868, at * 4 (N.D. Ill. March 15, 2001) (having a single customer in Illinois is not enough to confer jurisdiction where insubstantial and unrelated to the cause of action).

### B.  Improper Venue

28 U.S.C. § 1391 provides that in a diversity case an action may only be brought where the defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or where the defendant is subject to personal jurisdiction.  Given IMASA's argument regarding the absence of personal jurisdiction and in view of the events in issue all occurring outside the state of Illinois, it is further asserted that this is an improper venue and dismissal or transfer is accordingly warranted.

### C.  *Forum Non Conveniens* Analysis

The common law doctrine of *forum non conveniens* allows a court to dismiss a suit if it serves the convenience of the parties and the interests of justice. *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 703 (7th Cir. 2005).  Although a plaintiff's choice of forum is normally given great weight, where "an alternative forum has jurisdiction to hear a case, and when a trial in the chosen forum would result in vexation and oppression to the defendant which would far outweigh the plaintiff's convenience or when the chosen forum would generate administrative and legal entanglements for the trial court, the court may dismiss the case." *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 802 (7th Cir. 1997).  Deference to the plaintiff's choice is not a hard and fast rule. *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).  In *Iragorri*, the court held that plaintiff's choice of forum is given deference because it is presumed to be convenient. *Id.* at 71.  A plaintiff's choice of forum is afforded less deference, however, where another forum has a stronger relationship or connection to the lawsuit. *Moore v. Motor Coach*

*Indus., Inc.*, 487 F. Supp. 2d 1003, 1007 (N.D. Ill.); *see also Iragorri*, 274 F.3d at 72; *Kamel*, 108 F.3d at 804.

As is discussed in more detail below, this lawsuit has little, if any, connection to this forum. Plaintiff allegedly sought to deliver scrap aluminum in Laredo, Texas—no performance was to occur in Illinois. The only connection to Illinois is Plaintiff. More importantly, there is little question that Illinois law would not apply to the alleged transactions absent an agreement by the parties to choose Illinois law to govern the dispute.[1] Such an agreement does not exist. Thus, the only connection to Illinois or Illinois law appears to be Plaintiff's desire to obtain a tactical advantage by asserting a threadbare contract claim in a venue convenient to its headquarters. As further established below, either Texas or Mexico is a proper alternative forum for Plaintiff's claims, and the public and private factors overwhelmingly favor dismissal of this case in their favor.

An alternative forum is available since all parties are amenable to process and are within the alternative courts' jurisdictions. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981); *Kamel*, 108 F.3d at 803. IMASA is a citizen of Mexico and is clearly subject to jurisdiction there. And, as a condition of dismissal, IMASA agrees to accept service of any proceedings filed in Mexico or Texas. Thus, the courts of Texas or Mexico are unquestionably available for the purpose of this dispute. *See Kamel*, 108 F.3d at 803 (concluding that Saudi Arabia was an available forum where defendant expressly consented to jurisdiction).

In addition, Texas or Mexico are considered "adequate" forums if the parties will not be deprived of any remedies or be treated unfairly there. *See Piper*, 454 U.S. at 255. The only

---

[1] Parenthetically, IMASA cites to and relies upon Illinois law for purposes of this brief only. It is alleged by Plaintiff that Illinois law applies because of a choice of law provision contained in an unsigned sales contract. If that agreement does not exist, it may well be the case that Illinois law does not apply, even given the assertion of diversity jurisdiction.

5

requirement is that the forum is not "so clearly inadequate or unsatisfactory that it is no remedy at all. . . ." *Id.* at 254. Simply because a party may not be able to rely on certain theories of liability or "potential damages award may be smaller," does not mean "that they will be deprived of any remedy or treated unfairly." *Id.* at 255. Plaintiff has alleged a plain vanilla claim for breach of contract under the U.C.C. While Mexico may not recognize a claim under the U.C.C., Texas courts recognize such a claim and Mexican law undoubtedly provides relief for simple breach of contract actions.

Once it is established that an adequate alternative forum exists, the court must balance the public and private interests which exist in a given case. *Kamel*, 108 F.3d at 803. The private interest factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process for unwilling witnesses; (3) cost of attendance of willing witnesses; (4) possibility of viewing the premises; and (5) all other practical problems which make trial easy, efficient and economical. *Id.* The private interests clearly support dismissal of this case.

Again, all of the events relating to Plaintiff's claim occurred in either Texas or Mexico. Unquestionably, then, the sources of proof relating to Plaintiff's claims for breach of contract are located in Mexico—at least to the extent they are in IMASA's possession. Moreover, all of the sources of proof available in the United States, if any, would be in the possession and control of the Plaintiff and will be available whether this lawsuit proceeds here or in an alternative forum. On the other hand, sources of proof in Mexico may not be obtainable in a proceeding pending in the United States. Key witnesses are also likely to be outside the subpoena power of this Court, and the cost to IMASA to litigate in Illinois is undoubtedly great. Given Plaintiff's solicitation of IMASA's business in Mexico (Antonio Decl., Ex. 1), it seems that a trial in Mexico or Texas

is far more equitable than one in a locale having little to do with the realities of the parties' business dealings or dispute.

Finally, a judgment against IMASA may ultimately prove to be unenforceable in Mexico. Eventually, the courts in Mexico will have to address issues concerning jurisdiction exercised by this Court before it will act to enforce a foreign judgment. Moreover, the difficulties inherent in entering and enforcing foreign judgments in Mexico must be considered as a factor tilting in favor of dismissal.

Public factors include: (1) administrative difficulties caused by court congestion; (2) local interest in having localized disputes decided at home; (3) having the trial of a diversity case in a forum that is at home with the law that governs the action; (4) avoidance of unnecessary problems in conflicts of laws or application of foreign law; and (5) unfairness of burdening citizens of unrelated forum with jury duty. *Kamel*, 108 F.3d at 803. Again, these factors point toward Mexico or Texas. There is no Illinois local interest in having a trial over the sale of goods to a Mexican corporation and delivered in Texas. And, importantly, the avoidance of conflicts of law issues and burdening Illinois citizens with a non-local dispute would also militate in favor of a resolution of this dispute in either Mexico of Texas.

### D. Insufficient Service of Process

IMASA further contends that dismissal is appropriate under Rule 12(b)(4) and (5) because Hunter Douglas has not perfected service in this case. A court cannot exercise jurisdiction over a case until the defendant has been properly served. *See Silva v. City of Madison*, 69 F.3d 1368, 1376 (7th Cir. 1995). Hunter Douglas's attempts at service of process are ineffective as a matter of law. There is no legal authority that would allow for service of legal process through overnight mail—which is the only method attempted by Hunter Douglas in

this case. And as for Plaintiff's assertion that a contract allows for service in this method, the <u>unsigned</u> sales contract attached to the complaint underscores the absence of any contract that could serve as the basis for allowing service by so unorthodox a method as overnight mail upon a Mexican corporation.

In the absence of proper service of process, dismissal is mandated.

### E. Failure to State a Claim

In the further alternative to the jurisdictional and convenience objections set forth above, the Plaintiff's complaint fails to state a claim upon which relief can be granted. As already stated, while a purported Sales Contract is attached as Exhibit 1 to the complaint, it is not signed by either the Plaintiff or IMASA and no other explanation as to its enforceability is alleged. In the absence of any allegedly binding and enforceable contract, there is no basis upon which Plaintiff can recover under its single cause of action—for breach of a contract.

A complaint should be dismissed under FED. R. CIV. P. 12(b)(6) if its allegations fail to state a claim upon which relief can be granted. *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039. Thus, to survive a motion to dismiss, a plaintiff must allege every element of a claim. *See Lucien v. Preiner*, 967 F.2d 1166, 1167 (7th Cir. 1992). The Court need not consider conclusory statements of fact or law as support for a claim. *See id.*

When analyzing a motion to dismiss, the Court must consider any exhibits attached to the complaint. *Thompson v. Ill. Dept. of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002). In situations in which complaint allegations conflict with a complaint exhibit, the exhibit controls. *E.g., N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454-55 (7th Cir. 1998); *In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992); *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.*, 927 F.2d 988, 991 (7th Cir. 1991). Moreover, while 12(b)(6) motions will not

ordinarily be granted on an affirmative defense, if the defense is apparent from the face of the complaint, then dismissal is appropriate.

1.  **Plaintiff's Complaint Fatally Attaches an Unsigned, Unenforceable "Contract"**

In considering a motion to dismiss for failure to state a claim, this Court must take all well pleaded allegations of the complaint as true and construe any ambiguities in the complaint in favor of the plaintiff. *Thompson,* 300 F.3d at 753. However, a plaintiff who pleads facts that undermine the allegations of his complaint can plead himself out of court. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998). A copy of any written instrument which is an exhibit to the complaint is considered to be part of the pleadings. *Thompson*, 300 F.3d at 753.

To state a claim for breach of contract, a plaintiff must allege that (a) a valid and enforceable contract exists; (b) the plaintiff performed its obligations under the contract; (c) the defendant breached the contract; and (d) the plaintiff suffered damages as a result of the breach. *Talbert v. Home Sav. of Amer., F.A.*, 638 N.E. 2d 354, 357 (1st Dist. 1994). The contract must also contain terms that are sufficiently definite and certain so that the court may ascertain the parties' agreement. *E.g., Classic Fire & Marine Ins. Co. v. Ill. Ins. Exch.*, No. 97 C 1256, 1997 WL 767290, at *4 (N.D. Ill. Dec. 3, 1997).

A plaintiff suing for breach of contract cannot overcome a motion to dismiss simply by alleging that a document attached to its complaint constitutes a valid contract. *Lashbrook v. Oerkfitz*, 65 F.3d 1339, 1346-47 (7th Cir. 1995) (personnel manual not a contract on its face despite plaintiff's claim that it created "protected property interest"); *Ogle v. Hotto*, 652 N.E.2d 815, 818-19 (5th Dist. 1995) (dismissing contract claim where document attached to complaint was not a contract); *Emergency Care & Health Org., LTD. v. Trinity Med. Ctr.*, No. 93 L 129, 2003 WL 23492323, at *1 (Ill. Cir. Nov. 17, 2003) (complaint exhibit not a contract,

notwithstanding plaintiff's repeated allegations to the contrary; "A rose by any other name, etc. . . . Exhibit A is neither a contract nor an agreement . . . calling it a 'Preliminary Agreement' won't resuscitate it").

A plaintiff's allegation that a document is a contract is merely a legal conclusion, not to be considered when deciding a motion to dismiss. *See Talbert*, 638 N.E.2d at 357 (court need not consider conclusions of law when deciding a motion to dismiss); *see also Lucien*, 967 F.2d at 1167 (same). Instead, the court must review the terms of the document attached to the complaint to determine if it is a contract or not. *See LaSalle Nat'l Bank v. Vega*, 520 N.E.2d 1129, 1132 (2nd Dist. 1988) (a plaintiff's claim for breach of contract is based on the document it attaches to its complaint, not its characterization of that document).

The threshold inquiry in this case is therefore whether the complaint, as supplemented by its exhibit, establishes the existence of a contract between Plaintiff and IMASA. Here, the alleged contract—attached as Exhibit 1 to the complaint—is not signed by either party to this lawsuit even though the signature of a company representative of IMASA under the printed words "PLEASE SIGN AND RETURN ONE COPY" and of a Hunter Douglas representative above the designation "Business Partner" appear to be required. Even assuming for argument that there was a contractual relationship between Plaintiff and IMASA, it is not evidenced by the attachment to the complaint. If documents attached to a complaint and incorporated within it by reference belie the allegations, the documents control on a motion to dismiss. *City of South Bend*, 163 F.3d at 454-55. Because Plaintiff fails to append to its pleading a specific, enforceable document that unconditionally obligates IMASA to purchase 4,400 metric tons of scrap aluminum at an alleged price of approximately $6 million, Plaintiff has failed to plead a contract the breach of which could result in any injury or damages. Its contract claim should

334625.1/SPSA/16073/0103/020608

therefore be dismissed. *E.g., Bus. Sys. Eng'g v. IBM*, No. 04 C 8254, 2005 WL 1766374, *2-3 (N.D. Ill. July 20, 2005) (motion to dismiss granted where the plaintiff's attachments were unsigned documents that did not amount to enforceable contracts).

### 2.  Statute of Frauds as a Ground for Dismissal

IMASA recognizes that the statute of frauds is an affirmative defense and that a 12(b)(6) motion is not ordinarily granted on an affirmative defense. Nevertheless, if the defense appears on the face of the complaint and the documents referred to, a 12(b)(6) motion to dismiss may be granted. *E.g., Sullivan v. Leor Energy LLC*, No. H-05-3913, 2006 WL 2792909, at *2 (S.D. Tex. Sept. 27, 2006) (plaintiff's attempt to enforce an unsigned draft employment contract which fell within a particular statute of frauds resulted in a 12(b)(6) dismissal of plaintiff's complaint).

While IMASA anticipates that Hunter Douglas will assert that the unsigned draft agreement attached to its complaint became enforceable as a result of some alleged partial performance, it is important to remember that that particular exception to the statute of frauds does not turn unperformed obligations into enforceable ones. There is no allegation that IMASA owes anything to Hunter Douglas for past deliveries of scrap aluminum—and therefore, the complaint fails to allege an unfulfilled contract obligation that, while barred by an applicable statute of frauds, should be rendered enforceable by virtue of partial performance. Thus, even assuming the parties' partial performance under the supposed sales contract, this would not take the entire contract out of the statute of frauds since U.C.C. § 2-201(3)(c) provides that a contract is taken out of the statute only as to goods "which have been received and accepted." *Spiering v. Fairmont Foods Co.*, 424 F.2d 337, 339-40 (7th Cir. 1970) (summary judgment granted where contract for the sale of goods in excess of $500 was never reduced to writing and signed by the party against whom enforcement was sought). Simply put, Hunter Douglas's claim for breach of contract should be dismissed on the pleadings because Hunter Douglas has not pled that it was

not compensated for any goods that it provided to IMASA, and the contract that it seeks to enforce falls squarely within the U.C.C.'s statute of frauds requirement that any contract for the sale of goods exceeding $500 in value must be reduced to writing and signed by the party against whom enforcement is sought. U.C.C. § 1-206.

WHEREFORE, Defendant Industria Mexicana Del Alumino, S.A. de C.V. respectfully requests that this motion be considered and, thereupon, that the Court dismiss this cause for lack of personal jurisdiction over the Defendant, or alternatively for improper venue, or alternatively under the doctrine of *forum non conveniens*, or alternatively for insufficient service of process, or alternatively for Plaintiff's failure to state a claim upon which relief can be granted, and that such other and further relief to which this Movant may be entitled be granted.

Respectfully submitted,

s/ Daniel W. Lanfear
Daniel W. Lanfear
(subject to admission pro hac vice)
State Bar No. 00784443
daniel.lanfear@strasburger.com
Strasburger & Price, LLP
300 Convent Street, Suite 900
San Antonio, TX 78205
210-250-6000 (telephone)
210-250-6100 (facsimile)

Joseph R. Marconi
Juanita B. Rodriguez
Johnson & Bell, Ltd.
33 W. Monroe Street, Suite 2700
Chicago, Illinois 60603
312-372-0770 (telephone)

**Attorneys for Defendant, Industria Mexicana del Alumino, S.A. de C.V.**

334625.1/SPSA/16073/0103/020608

## CERTIFICATE OF SERVICE

I hereby certify that, on the 6th day of February, 2008, a true and correct copy of the above and foregoing document has been served via first class mail and/or email to the following counsel of record:

>Jefferey T. Gilbert
>Max A. Stein
>Direct: 312-207-6415
>REED SMITH LLP
>10 S. Wacker Drive, Suite 4000
>Chicago, IL 60606-7507
>Facsimile: 312-207-6400
>Email: jgilbert@reedsmith.com
>Email: mstein@reedsmith.com

>s/ Juanita B. Rodriguez
>Juanita B. Rodriguez

334625.1/SPSA/16073/0103/020608